1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9

| | | |
|---|---|---|
| 10 | CLARENCE WALLACE, ) | 1:11-cv-01498 AWI MJS HC |
| 11 | Petitioner, ) | FINDINGS AND RECOMMENDATION REGARDING MOTION TO DISMISS |
| 12 | v. ) | PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION |
| 13 | ON HABEAS CORPUS, ) | FOR DEFAULT |
| 14 | Respondent. ) | (Docs. 16-17) |
| 15 | _____ ) | |

16
17
18

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant habeas petition in this Court on September 7, 2011.

19
20
21
22
23
24

Petitioner is currently incarcerated at United States Penitentiary Atwater. On May 28, 2002, Petitioner was indicted on six counts of bank robbery, along with three other people in the United States District Court for the Eastern District of Pennsylvania. On June 14, 2002, a jury found Petitioner guilty on all counts. On September 5, 2003, he was sentenced to terms ranging from 60 to 300 months for each count plus $600.00 in special assessments, and $25,968.00 in restitution.

25
26
27
28

Petitioner presents seven claims in his petition. The claims involve extensive allegations of prosecutorial misconduct and fraud upon the court, including, but not limited to: FBI agents presenting false testimony to the Grand Jury; alteration of transcripts by the prosecution;

1 destruction of evidence and manufacture of false evidence by the prosecution; failure to

2 disclose exculpatory evidence to the prosecution; ineffective assistance of trial counsel for

3 failing to present certain evidence and failing to use peremptory challenges to remove certain

4 jurors from the panel; and the district court and Third Circuit Court of Appeals' complicity in the

5 prosecutorial misconduct.

6      On October 17, 2011, the Court ordered Respondent to file a response to the petition,

7 and granted an extension of time to March 15, 2012 to allow Respondent to file a response.

8 On March 15, 2012, Respondent electronically filed a motion to dismiss with the Court. On

9 April 9, 2012, Petitioner filed a motion for default stating that he had not been served with a

10 response to the petition. On April 12, 2012, Respondent acknowledged and apologized for her

11 oversight in failing to properly serve Petitioner with a paper copy of the motion to dismiss.

12 **II.**   **LEGAL STANDARD**

13      A federal prisoner who wishes to challenge the validity or constitutionality of his

14 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the

15 sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In

16 such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not

17 collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas

18 corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.

19 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in

20 the sentencing court, while petitions that challenge the manner, location, or conditions of a

21 sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843

22 F.2d at 1162.

23      In contrast, a federal prisoner challenging the manner, location, or conditions of that

24 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

25 Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality

26 of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to

27 § 2255 and not a habeas petition pursuant to § 2241.

28      The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

**III.**   **ANALYSIS**

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a  § 2241 habeas petition in this Court.

Petitioner has not claimed that he lacked an unobstructed opportunity to present his claims in a § 2255 motion and he must now raise it by way of a § 2241 petition. Instead, he states that he may be procedurally barred to proceed by way of a § 2255 petition.

Petitioner's argument is without merit. Petitioner filed a § 2255 motion and applied for and was denied an opportunity to file a second § 2255 motion with the sentencing court. Petitioner has previously presented claims sufficiently similar to the claims he now raises, and fails to provide any sufficient reason why he should be provided another opportunity to challenge his conviction.

On January 24, 2006, Petitioner filed his § 2255 motion in the Court of conviction. (See United States v. Wallace, E.D. Pa. Case No. 2:02-cr-00197-RBS, Doc. No. 150.) In the § 2255 motion, Petitioner alleged prosecutorial misconduct based claims including the presentation of false evidence to secure the indictment, altering trial transcripts, planting evidence at trial, perjury, presenting false evidence at trial, and ineffective assistance of trial and appellate counsel. (Id. at 6.) On March 6, 2006, the Court denied Wallace's § 2255 motion. (Id., Doc. No. 154.) The Court in denying the motion stated:

> Upon consideration of the pro se Habeas Corpus Motion Under 28 U.S.C. § 2255..., and it appearing that Defendant continues to allege that the pre-trial and trial process were corrupt[1], which allegations are patently frivolous, it is ordered that the Habeas Corpus Motion and the Application to Proceed In Forma Pauperis are DENIED.

(Id.) On March 14, 2006, Petitioner filed a notice of appeal of the denial of his § 2255 motion. (Id., Doc No. 155.) On October 2, 2006, the Third Circuit issued an order denying a certificate of appealability, and therefore did not review the motion. (Id., Doc No. 162.) On August 5, 2010, the Third Circuit denied Wallace's motion to file a second or successive § 2255 motion. (Id., Doc No. 169.) In the denial the Third Circuit held:

> The application pursuant to 28 U.S.C. § 2244 for authorization to file a second or successive motion under 28 U.S.C. § 2255 is denied. A second or successive motion must be certified by a court of appeals to rely on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b) & 2255(h). Clarence Wallace, who largely repeats claims that he raised in an earlier § 2255 motion, does not rely on a new rule of constitutional law. He also does not meet his burden to show that the factual predicate for any new claims "could not have been discovered previously through the exercise of due diligence," and that the facts underlying his claims, "if proven and considered in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i-ii). As he himself explains in documents he submitted to us, the factual predicate for his claims was available to him before he filed his previous § 2255 motion.

(Id.)

Petitioner has had sufficient opportunity to present the claims by way of a § 2255 motion. Therefore, Petitioner had an unobstructed procedural opportunity to present his claims

---

[1] Wallace adds that the appeals process was also contempt.

1   and so does not qualify under the savings clause.

2        Additionally, Petitioner asserts his innocence. However, his claims of innocence are not

3   supported by credible evidence. In essence, Petitioner claims the evidence supporting his

4   conviction was fabricated and that the entire legal process was corrupt. However, Petitioner

5   provides little in the way of factual support for his assertions that the evidence was fabricated.

6   His claims have previously been dismissed on appeal as patently frivolous. A claim is legally

7   frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S.

8   319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The Court may, therefore, dismiss a

9   claim as frivolous where it is based on an indisputably meritless legal theory or where the

10  factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. Here, the Court concurs

11  with the sentencing court that Petitioner's claims for relief, including his claim of innocence,

12  are not credible or worthy of serious discussion.[2]

13       Based on the foregoing, the Court finds that Petitioner has not demonstrated Section

14  2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly,

15  Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should

16  be dismissed for lack of jurisdiction.

17  **IV.**     **MOTION FOR DEFAULT**

18       It is recommended that Petitioner's motion for default be denied. Petitioner is only

19  entitled to habeas relief upon making an appropriate showing that his sentence was imposed

20  in violation of the Constitution or laws of the United States. See e.g., 28 U.S.C. § 2255(a).

21  Here, Respondent filed a motion to dismiss within the time allowed for a response to the

22  petition, but failed to timely serve it by mail on Petitioner. While the failure to serve Petitioner

23  caused some delay in the proceeding, Petitioner was provided a copy of the motion and filed

24  objections to it which were reviewed by this Court. Petitioner's rights have not been

25  measurably harmed by the delay caused by Respondent. Petitioner, nevertheless,  is entitled

26  

27      [2] In response to the Petition, Respondent made a scatological characterization of Petitioner's claims.
Decorum and respect for the legal process leave no room for such an approach, particularly by a party charged

28  with the duty to protect the integrity of the judicial system. Future instances of such behavior will not be tolerated
in this Court.

U.S. District Court
E. D. California

to release only upon a showing that his sentence is unconstitutional, not because of an omission by Respondent in serving the answer. It is recommended that the motion be denied.

**V.      RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to dismiss be GRANTED and petition for writ of habeas corpus be DISMISSED. It is further RECOMMENDED that Petitioner's motion for default be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    March 7, 2013                    /s/ Michael J. Seng
                                          UNITED STATES MAGISTRATE JUDGE